UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.   7:05-cr-1080-GRA-1 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | ORDER |
| Frankie Blanton, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's letter regarding a Rule 35 sentence reduction.  For the reasons stated below, the defendant's motion is DENIED.

On March 24, 2006, the defendant pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and fifty (50) grams or more of methamphetamine.  On March 13, 2007, this Court entered judgment, sentencing the defendant to one-hundred-sixty-eight (168) months imprisonment to be followed by a period of five (5) years supervised release.  On September 6, 2007, this Court granted the government's motion to reduce the defendant's sentence, sentencing the defendant to eighty-four (84) months imprisonment to be followed by a period of five (5) years supervised release. On August 19, 2008 the defendant  wrote the Assistant United States Attorney and copied this Court requesting a reduction in sentence pursuant to Rule 35.  The defendant also wrote letters to this Court on

July 3, 2008 and May 1, 2008 regarding the same issue.

Defendant raises this matter *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

This Court construes the defendant's letter as a motion under Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 of the Federal Rules of Criminal Procedure states that a sentence may be reduced in two situations: (a) the court may correct a sentence within seven days after sentencing if the sentence resulted from arithmetical, technical or other clear error; and (b) upon motion of the government to reflect a defendant's subsequent and substantial assistance in the investigation or prosecution of another person. FED. R. CRIM. P. 35.

As the language of Rule 35 indicates, only the government may file a Rule 35 motion absent arithmetical, technical, or other error within seven days of sentencing. The government requested one reduction pursuant to Rule 35 for the defendant that the Court granted. However, the government has not filed another motion under Rule 35 in this case; therefore, this Court is unable to grant a reduction in this case at this time. Therefore, defendant's motion for a reduction in sentence is hereby DENIED.

IT IS SO ORDERED.

                                          G. ROSS ANDERSON, JR.
                                          UNITED STATES DISTRICT JUDGE

September  25 , 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The defendant has the right to appeal this Order within ten(10) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.